UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FALICIA RHODES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: **2:06-CV-554 WKW** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

This Court lacks subject matter jurisdiction.

### THIRD DEFENSE

Sovereign Immunity.

### FOURTH DEFENSE

Defendant denies that it breached any duty of care owed to Plaintiff or that it was negligent in any manner.

**FIFTH DEFENSE**

Defendant acted at all times as a reasonable occupier of land, and maintained its premises in a reasonably safe condition.

**SIXTH DEFENSE**

The injuries and harm alleged by Plaintiff in the Complaint were not proximately caused by the negligent or wrongful acts of an agent or employee of the Defendant.

**SEVENTH DEFENSE**

Plaintiff's injuries, damages and losses, if any, were solely and proximately caused by Plaintiff's own conduct, including her failure to exercise ordinary, reasonable care for her safety and her inattentiveness to the open and obvious conditions of her immediate surroundings.

**EIGHTH DEFENSE**

Plaintiff's recovery in this case is barred by the Alabama law on contributory negligence.

**NINTH DEFENSE**

Plaintiff's recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act ("FTCA"), and her damages are limited to the sum certain set forth in her FTCA administrative claim.

**TENTH DEFENSE**

Pursuant to 28 USC § 2412(d)(1)(A), Plaintiff cannot recover attorneys' fees from the United States Postal Service.

## ELEVENTH DEFENSE

Pursuant to 28 USC § 2674, Plaintiff is proscribed from recovering any amount for pre-judgment interest against the Defendant United States.

## TWELFTH DEFENSE

Defendant reserves the right to assert further affirmative defenses, as they become evident through discovery or investigation.

## THIRTEENTH DEFENSE

NOW, having set forth certain of its defenses herein, Defendant responds to the numbered paragraphs of Plaintiffs' Complaint as follows:

## JURISDICTION AND VENUE

1.

Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff seeks to assert this Court's jurisdiction under the Federal Tort Claims Act ("FTCA"). Answering further, Defendant denies that Plaintiff is entitled to any recovery under the FTCA.

2.

Answering Paragraph 2 of the Complaint, Defendant avers that Plaintiff's allegations constitute conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies that it has committed any violations of law, but admits that Plaintiff claims to have fallen in Montgomery, Alabama.

3.

Answering Paragraph 3 of the Complaint, Defendant admits that Plaintiff filed an administrative claim with the United States Postal Service on April 5, 2006, admits that claim was denied by certified letter dated May 5, 2006, and admits that this lawsuit was

filed on June 21, 2006. Answering further, Defendant avers that Plaintiff's allegations regarding timeliness are conclusions of law to which no response is required. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 3 of the Complaint.

## PARTIES

4.

Defendant is without sufficient information to either admit or deny the allegations of Paragraph 4 of the Complaint and consequently denies the same.

## FACTS

5.

Answering Paragraph 5 of the Complaint, Defendant realleges and reasserts its responses to Plaintiff's Complaint contained in Paragraphs 1 through 4 above as if fully set forth verbatim herein.

6.

Answering Paragraph 6 of the Complaint, Defendant admits that Plaintiff was present at its Lagoon Park Station in Montgomery, Alabama on January 27, 2006. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 6 of the Complaint.

7.

Defendant denies the allegations in Paragraph 7 of the Complaint.

8.

Answering Paragraph 8 of the Complaint, Defendant admits that, given there were no dangers present at the Lagoon Park Station on January 27, 2006, there were no

warning signs or pylons in place to warn customers of the non-existence of any danger. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 8 of the Complaint.

9.

Defendant denies there was any danger present at the Lagoon Park Station on January 27, 2006, and denies all the allegations in Paragraph 9 of the Complaint.

10.

Defendant denies that the floor of the Lagoon Park Station was wet on January 27, 2006, and Defendant denies all the allegations in Paragraph 10 of the Complaint.

11.

Defendant denies the allegations of Paragraph 11 of the Complaint.

12.

Defendant is without sufficient information to either admit or deny the allegations in Paragraph 12 of the Complaint, and consequently denies the same.

13.

Defendant denies the allegations in Paragraph 13 of the Complaint.

14.

Defendant denies the allegations in Paragraph 14 of the Complaint.

15.

Defendant denies the allegations in Paragraph 15 of the Complaint.

**CAUSE OF ACTION**

Answering the unnumbered Paragraph of the Complaint after Paragraph 15 under the title Cause of Action, Defendant realleges and reasserts its responses to Plaintiff's

Complaint contained in Paragraphs 1 through 15 above as if fully set forth verbatim herein.

16.

Defendant admits the allegations in Paragraph 16 of the Complaint.

17.

Defendant denies the allegations in Paragraph 17 of the Complaint.

18.

Defendant denies that any federal employees created a hazardous condition for Plaintiff, denies that any hazardous conditions existed at the Lagoon Park Station, and denies all the allegations in Paragraph 18 of the Complaint.

19.

Defendant denies the allegations in Paragraph 19 of the Complaint.

20.

Defendant denies the allegations in Paragraph 20 of the Complaint.

21.

Defendant denies the allegations in Paragraph 21 of the Complaint.

22.

Defendant denies the allegations in Paragraph 22 of the Complaint.

23.

Defendant denies the allegations in Paragraph 23 of the Complaint.

**PRAYER FOR RELIEF**

Answering the unnumbered Prayer for Relief Paragraph which immediately follows Paragraph 23 of the Complaint, including subparts (a) through (c), Defendant

denies each and every allegation contained therein and further denies that Plaintiff is entitled to any relief whatsoever from Defendant.

24.

Defendant denies each and every allegation of Plaintiff's Complaint not expressly admitted in the preceding paragraphs of this Answer.

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, Defendant requests that the Court enter an Order dismissing the Complaint in its entirety with prejudice, award Defendant costs and expenses, and award any and all other relief that this Court may deem necessary and proper.

                                      Respectfully submitted,

                                      LEURA G. CANARY
                                      United States Attorney

By:    s/James J. DuBois
        JAMES J. DUBOIS
        Assistant United States Attorney
        Georgia Bar No. 231445
        United States Attorney's Office
        Post Office Box 197
        Montgomery, AL 36101-0197
        Telephone: (334) 223-7280
        Facsimile: (334) 223-7418
        E-mail:  **james.dubois2@usdoj.gov**

**Of Counsel:**

Conny Davinroy Beatty
United States Postal Service
Law Department, St. Louis Office
PO Box 66640
St. Louis, Missouri 63166-6640
Tel:  314-872-5172
Fax:  314-872-5192

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jay Lewis, Esq.

s/James J. DuBois
Assistant United States Attorney
