# EXHIBIT A

1997 U.S. Dist. LEXIS 12436, *

WILLIAM ZUNDEL, Plaintiff, v. WAL-MART STORES, INC., d/b/a SAM'S CLUB, Defendant.

CIVIL ACTION NO. 96-0471-BH-C

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

1997 U.S. Dist. LEXIS 12436

August 5, 1997, Decided
August 6, 1997, Filed

**DISPOSITION: [*1]** Summary-judgment motion GRANTED. Judgment entered in favor of the defendant and against plaintiff William Zundel.

**CASE SUMMARY:**
**PROCEDURAL POSTURE:** Defendant corporation filed a motion in federal court (Alabama) for summary judgment in plaintiff injured party's action for damages for medical costs, pain and suffering, and mental anguish, as well as punitive damages, resulting from a slip and fall in one of the corporation's stores.

**OVERVIEW:** The injured party alleged that the corporation negligently maintained its premises. He contended that such negligence caused him to slip and fall resulting in a broken hip. Summary judgment was granted in favor of the corporation. The court found it evident from the record and the undisputed facts that the injured party had yet to produce any evidence that the corporation had actual or constructive notice of the alleged substance on the floor which caused the fall and injury. Nor had the injured party shown that the corporation was delinquent in failing to discover the substance on the floor which allegedly caused his fall. The court concluded that the injured party failed to meet his burden of raising a genuine issue of material fact concerning the corporation's constructive notice of the substance on the floor that allegedly caused his slip and fall. Without a showing of constructive notice, the injured party failed to make a prima facie case of negligence.

**OUTCOME:** The court granted summary judgment in favor of the corporation.

**CORE TERMS:** floor, wax, slipped, constructive notice, hazardous condition, minutes, jelly, genuine issue of material fact, dangerous condition, floor wax, depo, substantial evidence, prima facie case, delinquent, deposition, invitee, invitor, notice, hidden, warn, wet, reasonable inference, evidence to support, conclusions of law, hip

### LexisNexis(R) Headnotes

Civil Procedure > Summary Judgment > Standards > Genuine Disputes
*HN1* Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). There is no genuine issue of material fact if the evidence is such that, drawing all reasonable inferences in favor of the non-movant, a reasonable jury could not return a verdict in her favor.

**COUNSEL:** For WILLIAM ZUNDEL, plaintiff: K. Paul Carbo, Jr., Esq., Cherry, Givens, Tarver, Peters, Lockett & Diaz, Mobile, AL USA.

For WAL-MART STORES, INC, defendant: Jeffrey L. Luther, Esq., Mobile, AL.

**JUDGES:** W. B. Hand, SENIOR DISTRICT JUDGE.

**OPINION BY:** W. B. Hand

## OPINION: ORDER

This action is before the court on defendant's motion for summary judgment filed on December 19, 1996 (doc. 7). Plaintiff filed a response on January 21, 1997. (doc. 10) Defendant filed a reply brief to plaintiff's opposition to summary judgement on February 21, 1997. (doc. 16)

This is a diversity based action in which the plaintiff alleges that the defendant negligently maintained its premises. Plaintiff contends that the defendant's negligence caused him to slip and fall resulting in a broken hip. The plaintiff seeks damages for medical costs, pain and suffering, and mental anguish as well as punitive damages.

*HN1*Summary "judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there **[*2]** is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-28, 106 S. Ct. 2548, 2552-55, 91 L. Ed. 2d 265 (1986). There is no genuine issue of material fact if the evidence is such that, drawing all reasonable inferences in favor of the non-movant, a reasonable jury could not return a verdict in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-53; 106 S. Ct. 2505, 2510-11; 91 L. Ed. 2d 202 (1986).

Having reviewed the record, the court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On or about January 2, 1996, the plaintiff, William Zundel, and his son, Larry William Zundel, went to Wal-Mart in the Festival Centre in Mobile, Alabama. After shopping for approximately twenty minutes, Mr. Zundel fell and injured his right hip.

Mr. Zundel alleges that he slipped due to the condition of the floor or due to a substance on the floor. Mr. Zundel testified that he did not know how the alleged substance got on the floor; that he did not know how long the alleged substance had been on the floor prior to his fall; and that **[*3]** he did not recall observing anything about the alleged substance that would give any indication as to how long the substance had been on the floor. In addition, Mr. Zundel testified that he knows of no one who had knowledge that the alleged substance was on the floor prior to his fall or who knew how long it had been there, how it got there, or what it was.

### CONCLUSIONS OF LAW

Under Alabama law, an invitor has a duty to maintain its premises in a reasonably safe condition and to warn its invitees of hidden dangerous conditions. *Prentice v. Evergreen Presbyterian Church*, 644 So. 2d 475, 477(Ala.1994). It follows that the invitor must have knowledge of the hidden dangerous condition before it can warn the invitee. Accordingly, in

order to establish a prima facie case, the plaintiff in a "slip and fall" case must show that the defendant had actual or constructive notice of the dangerous condition or was delinquent in failing to have notice of the dangerous condition. *Richardson v. Kroger*, 521 So. 2d 934, 936 (Ala.1988)

In the case currently before the court, it is evident from the record and the undisputed facts that the plaintiff has yet to produce any evidence that the defendant **[*4]** had actual or constructive notice of the alleged substance on the floor which caused the plaintiff's fall and injury. Nor has the plaintiff shown that the defendant was delinquent in failing to discover the substance on the floor which allegedly caused his fall. The plaintiff does not dispute this.

Plaintiff does however argue that knowledge of the alleged hazardous condition on the floor be imputed to the defendant because the substance on the floor was wax placed there by the defendant. In making this argument, plaintiff relies on *Dunklin v. Winn-Dixie of Montgomery, Inc.* 595 So. 2d 463. (Ala.1992)

In *Dunklin*, there was undisputed evidence that the plaintiff fell due to water on the floor in the produce section of a supermarket. *Dunklin*, 595 So. 2d at 465. There was also evidence that the plaintiff saw an employee setting out wet produce in the produce section minutes prior to her accident; that the vegetables were washed regularly and set out in the area where the fall took place and that this area was checked every twenty to twenty-five minutes. *Id.* The Alabama Supreme Court found this to be "substantial evidence" that the defendant had created the hazardous condition. **[*5]** *Id.* The court held that when a defendant creates the hazardous condition the court will presume that the defendant had notice of the hazardous condition. *Id.* Therefore, the court reversed and remanded a directed verdict in favor of the defendant. *Id.*

In the case at bar, there is no such evidence to create the reasonable inference that the defendant was responsible for the condition which caused the plaintiff's fall. The record shows that, at best, the plaintiff is unsure of what caused him to slip. The plaintiff's deposition testimony concerning the mysterious slippery substance is as follows:

A. Something down there made me slip.

Q. What was it?

A. I don't know, but it smelled. It was on my clothes when I got home.

Q. What did it look like?

A. Some kind of jelly.

Q. What color was it?

A. Brown, light brown...


(W. Zundel depo. 63)

Throughout the remainder of the deposition, the substance was described as jelly or a "jelly substance." (W. Zundel depo. 63-66, 72-73, 79, 82) It was only after plaintiff's counsel had the opportunity to ask the plaintiff "you never said that it was jelly you slipped in, did you?" that the testimony **[*6]** turned to suggest that the substance could have been wax and then only after a series of leading questions by plaintiff's counsel. (W. Zundel depo. 126-128). The

defendant objected to this line of questioning; however, even if the court accepts the testimony of these leading questions as appropriate evidence, the plaintiff has still failed to meet his burden. Other than his testimony that the substance could have been wax, the plaintiff has no evidence to support his claim that the substance on the floor was indeed wax. Therefore, unlike in *Dunklin*, the plaintiff does not know and thus cannot prove what caused him to slip. Common sense dictates that without being able to offer proof of what exact substance he slipped in, it becomes extremely difficult for the plaintiff to legitimately implicate the defendant in the placement of that substance. The substance on the floor with an unknown identity could have originated from a number of sources, such as a spill by a sloppy customer of one of the plethora of products the defendant sells. In this case, the plaintiff cannot successfully claim that he slipped in floor wax that had been applied by the defendant when there is no evidence **[*7]** that what the plaintiff slipped in was indeed floor wax.

Even if the plaintiff could offer some evidence to support his claim that he slipped in floor wax, he has nothing to suggest that the wax was placed there by the defendant other than his own hypothesis. It appears from the submission of testimony and documents by the plaintiff concerning the defendant's floor care procedures that the plaintiff believes that the fact the defendant takes care of its floors is evidence that the wax could have been left on the floor by the defendant(doc. 10). The court believes that such evidence is too speculative to meet the "substantial evidence" burden articulated in *Dunklin*.

In *Dunklin*, the evidence that an employee was seen handling wet produce at the scene of the accident minutes before the fall allowed for a reasonable inference to be made that the employee was responsible for the water on the floor. *Dunklin*, 596 So. 2d at 465. Nowhere in this case has the plaintiff presented evidence that would allow a similar inference that the defendant put the wax on the floor. The plaintiff's submissions lack any evidence as to how recently wax was applied to the area in which he slipped. **[*8]** Nor does the plaintiff even allege, must less demonstrate by competent evidence, that the floor care products used by the defendant are brown and jelly-like. In short, the plaintiff's theory that he fell in wax left over from the defendant's floor care process is just that, a theory. It is well established that speculation, without any supporting evidence, is insufficient to raise a material question of fact and defeat summary judgement.

In summary, the plaintiff has not met his burden of raising a genuine issue of material fact concerning the defendant's constructive notice of the substance on the floor that allegedly caused his slip and fall. Without a showing of constructive notice, the plaintiff fails to make a prima facie case of negligence. For these reasons, summary judgement is due to be and hereby is **GRANTED** in favor of the defendant.

**SO ORDERED** this 5th day of August, 1997.

W. B. Hand

SENIOR DISTRICT JUDGE

**JUDGMENT** - JUDGEMENT ENTERED ON DOCKET 8/7/97

For the reasons set forth in the memorandum opinion entered contemporaneously herewith, there is no genuine issue of material fact with regard to the plaintiff's claims against the defendant. The **[*9]** defendant is entitled to judgment as a matter of law. Accordingly, the court **GRANTS** the summary-judgment motion.

It is therefore **ORDERED, ADJUDGED**, and **DECREED** that judgment be entered in favor of the defendant and against plaintiff William Zundel.

**SO ORDERED** this 5th day of August, 1997.

W. B. Hand

SENIOR DISTRICT JUDGE

Service: **Get by LEXSEE®**
Citation: **1997 u.s. dist. lexis 12436**
View: Full
Date/Time: Tuesday, May 15, 2007 - 4:53 PM EDT

 LexisNexis

About LexisNexis　|　Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.