# EXHIBIT C

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION


FALICIA RHODES,

    Plaintiff,

vs.                              CASE NO. 2:06-cv-554-WKW

UNITED STATES OF AMERICA,

    Defendant.


\* \* \* \* \* \* \* \* \* \* \*


DEPOSITION OF ROBERT THOMAS, taken pursuant to stipulation and agreement before Mallory M. Johnson, Court Reporter and Commissioner for the State of Alabama at Large, in the Law Offices of U.S. Attorney's Office, One Court Square, Montgomery, Alabama, on Wednesday, March 14, 2007, commencing at approximately 10:06 a.m.


\* \* \* \* \* \* \* \* \* \* \*

**Page 2**

```
 1          APPEARANCES
 2   FOR THE PLAINTIFF:
 3   Mr. Jay Lewis
     LAW OFFICE OF JAY LEWIS
 4   Attorney at Law
     847 S. McDonough Street, Suite 100
 5   Montgomery, Alabama 36104
 6   FOR THE DEFENDANT:
 7   Mr. James J. DuBois
     Assistant U.S. Attorney
 8   U.S. ATTORNEY'S OFFICE
     One Court Square, Suite 201
 9   Montgomery, Alabama 36104
10   ALSO PRESENT:
11   Ms. Falicia Rhodes
12          * * * * * * * * * *
13         EXAMINATION INDEX
14   ROBERT THOMAS
        BY MR. LEWIS              3
15
            * * * * * * * * * *
16
            STIPULATIONS
17
        It is hereby stipulated and agreed by and
18
     between counsel representing the parties that the
19
     deposition of ROBERT THOMAS is taken pursuant to the
20
     Federal Rules of Civil Procedure and that said
21
     deposition may be taken before Mallory M. Johnson,
22
     Court Reporter and Commissioner for the State of
23
     Alabama at Large, without the formality of a
24
     commission; that objections to questions other than
25
     objections as to the form of the questions need not be
```

**Page 3**

```
 1   made at this time but may be reserved for a ruling at
 2   such time as the deposition may be offered in evidence
 3   or used for any other purpose as provided for by the
 4   Federal Rules of Civil Procedure.
 5         It is further stipulated and agreed by and
 6   between counsel representing the parties in this case
 7   that said deposition may be introduced at the trial of
 8   this case or used in any manner by either party hereto
 9   provided for by the Federal Rules of Civil Procedure.
10         * * * * * * * * * *
11         COURT REPORTER: And what about read and
12   sign?
13         MR. DUBOIS: Yes. He would like to read and
14   sign.
15         ROBERT THOMAS
16         The witness, having first been duly sworn to
17   speak the truth, the whole truth and nothing but the
18   truth, testified as follows:
19           EXAMINATION
20   BY MR. LEWIS:
21      Q. State your name, please.
22      A. Robert Thomas.
23      Q. Okay. Mr. Thomas, my name is Jay Lewis. We
24   just met. And I represent Falicia Rhodes in the case
25   against the United States of America involving a slip-
```

**Page 4**

```
 1   and-fall incident at the post office in Montgomery.
 2   This is going to be a very short deposition. But if
 3   you need to take a break at any time, just let me know
 4   and we'll take a break.
 5      A. All right.
 6      Q. I'll ask that if you don't understand a
 7   question that I'm asking or don't understand the way
 8   I'm asking it or confused in any way about anything
 9   that I'm asking, that you go ahead and stop me and let
10   me know, and I'll rephrase it. Okay?
11      A. Okay.
12      Q. All right. You've been identified as a
13   witness in this case. This deposition will be taken,
14   as you know, under oath, and may be used at any trial
15   that comes up or any motion proceedings that may
16   happen.
17         I'll ask you this because I ask everybody. Have
18   you had any medications, drugs, alcohol, anything that
19   might affect your ability to understand my questions
20   and give an accurate answer?
21      A. No.
22      Q. Okay. All right. What's your address,
23   Mr. Thomas?
24      A. 3528 Princeton Road, Montgomery, Alabama.
25      Q. Where are you employed right now?
```

**Page 5**

```
 1      A. The U.S. Postal Service.
 2      Q. Okay. And at which facility?
 3      A. Lagoon Park branch.
 4      Q. What's your occupation in terms of job duties
 5   you perform?
 6      A. Custodial worker.
 7      Q. Okay. And as a custodial worker, are you
 8   responsible for maintaining the floors and other
 9   surfaces inside the post office?
10      A. Yes.
11      Q. Tell me your schedule for doing that. Do you
12   have a set schedule for when you mop, when you wax,
13   when you sweep?
14      A. Not necessarily set, no, I wouldn't say.
15      Q. All right. Calling your attention back to
16   January 27th, 2006, prior to that time, when is the
17   last time you had mopped or waxed the floor in the
18   lobby?
19      A. I -- I can't answer that.
20      Q. All right.
21      A. I don't know.
22      Q. Tell me your involvement in the incident that
23   we're here about, if you know which incident it is.
24      A. I vaguely remember. I mean, it's been some
25   time ago. Vaguely remember.
```

FALICIA RHODES v. UNITED STATES OF AMERICA                    3/14/2007
DEPOSITION OF ROBERT THOMAS

3 (Pages 6 to 9)

Page 6

1   Q.  Sure.
2   A.  Yes.
3   Q.  Okay. Tell me what happened, what you
4   remember from that day.
5   A.  There was a -- well, since I was sort of --
6   after a certain incident had occurred, one of the
7   supervisors asked me to come out and mop the floor up
8   because someone had fallen, I believe. I'm not sure
9   of the exact words he used or the exact scenario.
10  Q.  All right. So you came out and mopped the
11  floor.
12  A.  Yes.
13  Q.  With what?
14  A.  With a damp mop and -- and cleaning -- you
15  know, detergent added to the water.
16  Q.  Okay. Did you inspect the floor before you
17  mopped it?
18  A.  Yes, I did.
19  Q.  Did you walk all over it?
20  A.  Yes, I did.
21  Q.  And did you observe anything unusual?
22  A.  I did not.
23  Q.  Okay. Did you see any wet patches or patches
24  that seemed to have wax on it?
25  A.  No. There were none.

Page 7

1   Q.  You're sure there was none?
2   A.  I'm sure there were none.
3   Q.  Okay. All right. In that case, then, why
4   did you mop it?
5   A.  That's what I stated earlier. That's what
6   the supervisor asked me to do.
7   Q.  All right. Did you see any reason to mop
8   it?
9   A.  Not particularly, no.
10  Q.  Okay. All right. Did you see the person who
11  had fallen?
12  A.  Again, I -- I don't recall. Specifically,
13  she may have been leaving as I was coming to the lobby
14  area, but I -- to be specific, I can't recall it if I
15  did see her.
16  Q.  Can you recall, other than your supervisors,
17  seeing anybody else in the lobby in particular?
18  A.  I -- I can't recall. I don't believe anyone
19  else was there. I mean, it could have been, but I
20  don't believe so.
21  Q.  Okay. So you're -- you don't recall who
22  might have been there other than your supervisor or
23  whether anybody was there or not; is that correct?
24  A.  That's correct.
25  Q.  But you do recall inspecting every part of

Page 8

1   that floor prior to mopping it?
2   A.  Yes.
3   Q.  Okay. Okay. Have you had anything like that
4   happen before where people have fallen in the lobby?
5   A.  Not before this incident, no.
6   Q.  Okay. Have you had anything like that happen
7   afterwards?
8   A.  Someone may have. I vaguely -- I don't know
9   the exact date and time. It's possible.
10  Q.  Do you recall that happened, regardless of
11  when it was?
12  A.  I don't recall the exact time or date.
13  Q.  What I'm asking is, do you recall that there
14  was another incident of somebody falling in the
15  lobby?
16  A.  That was -- there -- there may -- I believe
17  there was, yes.
18  Q.  But you're not sure?
19  A.  Not positive, no.
20  Q.  All right.
21  A.  I believe there was.
22  Q.  Did you see any indication on the floor when
23  you came out that somebody had in fact fallen? Did
24  you see any like sweat marks or blood or anything else
25  on the floor?

Page 9

1   A.  No, I didn't.
2   Q.  All right. And you didn't see the incident
3   itself?
4   A.  No, I did not.
5       MR. LEWIS: I don't have anything else.
6       MR. DUBOIS: Okay. I don't have any
7   questions.
8       MR. LEWIS: Thank you very much, Mr. Thomas.
9           (The deposition concluded
10          at 10:13 a.m.)
11          * * * * * * * * * * *
12      FURTHER DEPONENT SAITH NOT
            * * * * * * * * * * *

Page 10

1      REPORTER'S CERTIFICATE
2  STATE OF ALABAMA
3  MONTGOMERY COUNTY
4      I, Mallory M. Johnson, Court Reporter and
5  Commissioner for the State of Alabama at Large, hereby
6  certify that on Wednesday, March 14, 2007, I reported
7  the deposition of ROBERT THOMAS, who was first duly
8  sworn or affirmed to speak the truth in the matter of
9  the foregoing cause, and that pages 3 through 9
10 contain a true and accurate transcription of the
11 examination of said witness by counsel for the parties
12 set out herein.
13     I further certify that I am neither of kin nor of
14 counsel to any of the parties to said cause, nor in
15 any manner interested in the results thereof.
16     This 11th day of April, 2007.
17
18
19
20 _____
       MALLORY M. JOHNSON, COURT REPORTER
21     And Commissioner for the
       State of Alabama at Large
22
       MY COMMISSION EXPIRES: 2/24/09
23
24
25

Page 11

1      SIGNATURE OF WITNESS
2      I, ROBERT THOMAS, hereby certify that I have
3  read the transcript of my deposition consisting of
4  pages 3 through 9, and except for the corrections
5  listed below, certify that it is a true and correct
6  transcription.
7
8  _____
   ROBERT THOMAS
9
10
   SWORN TO AND SUBSCRIBED before me
11 this _____ day of _____, 2007.
12
   _____
13 NOTARY PUBLIC
14     * * * * * * * * * *
15
       Page  Line  Correction and reason therefor
16
17
18
19
20
21
22
23
24
25