Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

FALICIA RHODES,

    Plaintiff,

vs.                      CASE NO. 2:06-cv-554-WKW

UNITED STATES OF AMERICA,

    Defendant.

\* \* \* \* \* \* \* \* \* \*

DEPOSITION OF ROBERT THOMAS, taken pursuant to stipulation and agreement before Mallory M. Johnson, Court Reporter and Commissioner for the State of Alabama at Large, in the Law Offices of U.S. Attorney's Office, One Court Square, Montgomery, Alabama, on Wednesday, March 14, 2007, commencing at approximately 10:06 a.m.

\* \* \* \* \* \* \* \* \* \*

FALICIA RHODES v. UNITED STATES OF AMERICA                                    3/14/2007
DEPOSITION OF ROBERT THOMAS

2 (Pages 2 to 5)

Page 2

```
 1          APPEARANCES
 2  FOR THE PLAINTIFF:
 3  Mr. Jay Lewis
    LAW OFFICE OF JAY LEWIS
 4  Attorney at Law
    847 S. McDonough Street, Suite 100
 5  Montgomery, Alabama 36104
 6  FOR THE DEFENDANT:
 7  Mr. James J. DuBois
    Assistant U.S. Attorney
 8  U.S. ATTORNEY'S OFFICE
    One Court Square, Suite 201
 9  Montgomery, Alabama 36104
10  ALSO PRESENT:
11  Ms. Falicia Rhodes
12          * * * * * * * * * *
13        EXAMINATION INDEX
14  ROBERT THOMAS
       BY MR. LEWIS          3
15
            * * * * * * * * * *
16
         STIPULATIONS
17
       It is hereby stipulated and agreed by and
18
    between counsel representing the parties that the
19
    deposition of ROBERT THOMAS is taken pursuant to the
20
    Federal Rules of Civil Procedure and that said
21
    deposition may be taken before Mallory M. Johnson,
22
    Court Reporter and Commissioner for the State of
23
    Alabama at Large, without the formality of a
24
    commission; that objections to questions other than
25
    objections as to the form of the questions need not be
```

Page 3

```
 1  made at this time but may be reserved for a ruling at
 2  such time as the deposition may be offered in evidence
 3  or used for any other purpose as provided for by the
 4  Federal Rules of Civil Procedure.
 5       It is further stipulated and agreed by and
 6  between counsel representing the parties in this case
 7  that said deposition may be introduced at the trial of
 8  this case or used in any manner by either party hereto
 9  provided for by the Federal Rules of Civil Procedure.
10          * * * * * * * * * *
11       COURT REPORTER: And what about read and
12  sign?
13       MR. DUBOIS: Yes. He would like to read and
14  sign.
15             ROBERT THOMAS
16       The witness, having first been duly sworn to
17  speak the truth, the whole truth and nothing but the
18  truth, testified as follows:
19             EXAMINATION
20  BY MR. LEWIS:
21    Q.  State your name, please.
22    A.  Robert Thomas.
23    Q.  Okay. Mr. Thomas, my name is Jay Lewis. We
24  just met. And I represent Falicia Rhodes in the case
25  against the United States of America involving a slip-
```

Page 4

```
 1  and-fall incident at the post office in Montgomery.
 2  This is going to be a very short deposition. But if
 3  you need to take a break at any time, just let me know
 4  and we'll take a break.
 5    A.  All right.
 6    Q.  I'll ask that if you don't understand a
 7  question that I'm asking or don't understand the way
 8  I'm asking it or confused in any way about anything
 9  that I'm asking, that you go ahead and stop me and let
10  me know, and I'll rephrase it. Okay?
11    A.  Okay.
12    Q.  All right. You've been identified as a
13  witness in this case. This deposition will be taken,
14  as you know, under oath, and may be used at any trial
15  that comes up or any motion proceedings that may
16  happen.
17       I'll ask you this because I ask everybody. Have
18  you had any medications, drugs, alcohol, anything that
19  might affect your ability to understand my questions
20  and give an accurate answer?
21    A.  No.
22    Q.  Okay. All right. What's your address,
23  Mr. Thomas?
24    A.  3528 Princeton Road, Montgomery, Alabama.
25    Q.  Where are you employed right now?
```

Page 5

```
 1    A.  The U.S. Postal Service.
 2    Q.  Okay. And at which facility?
 3    A.  Lagoon Park branch.
 4    Q.  What's your occupation in terms of job duties
 5  you perform?
 6    A.  Custodial worker.
 7    Q.  Okay. And as a custodial worker, are you
 8  responsible for maintaining the floors and other
 9  surfaces inside the post office?
10    A.  Yes.
11    Q.  Tell me your schedule for doing that. Do you
12  have a set schedule for when you mop, when you wax,
13  when you sweep?
14    A.  Not necessarily set, no, I wouldn't say.
15    Q.  All right. Calling your attention back to
16  January 27th, 2006, prior to that time, when is the
17  last time you had mopped or waxed the floor in the
18  lobby?
19    A.  I -- I can't answer that.
20    Q.  All right.
21    A.  I don't know.
22    Q.  Tell me your involvement in the incident that
23  we're here about, if you know which incident it is.
24    A.  I vaguely remember. I mean, it's been some
25  time ago. Vaguely remember.
```

Page 6

1   Q. Sure.
2   A. Yes.
3   Q. Okay. Tell me what happened, what you
4   remember from that day.
5   A. There was a -- well, since I was sort of --
6   after a certain incident had occurred, one of the
7   supervisors asked me to come out and mop the floor up
8   because someone had fallen, I believe. I'm not sure
9   of the exact words he used or the exact scenario.
10  Q. All right. So you came out and mopped the
11  floor.
12  A. Yes.
13  Q. With what?
14  A. With a damp mop and -- and cleaning -- you
15  know, detergent added to the water.
16  Q. Okay. Did you inspect the floor before you
17  mopped it?
18  A. Yes, I did.
19  Q. Did you walk all over it?
20  A. Yes, I did.
21  Q. And did you observe anything unusual?
22  A. I did not.
23  Q. Okay. Did you see any wet patches or patches
24  that seemed to have wax on it?
25  A. No. There were none.

Page 7

1   Q. You're sure there was none?
2   A. I'm sure there were none.
3   Q. Okay. All right. In that case, then, why
4   did you mop it?
5   A. That's what I stated earlier. That's what
6   the supervisor asked me to do.
7   Q. All right. Did you see any reason to mop
8   it?
9   A. Not particularly, no.
10  Q. Okay. All right. Did you see the person who
11  had fallen?
12  A. Again, I -- I don't recall. Specifically,
13  she may have been leaving as I was coming to the lobby
14  area, but I -- to be specific, I can't recall it if I
15  did see her.
16  Q. Can you recall, other than your supervisors,
17  seeing anybody else in the lobby in particular?
18  A. I -- I can't recall. I don't believe anyone
19  else was there. I mean, it could have been, but I
20  don't believe so.
21  Q. Okay. So you're -- you don't recall who
22  might have been there other than your supervisor or
23  whether anybody was there or not; is that correct?
24  A. That's correct.
25  Q. But you do recall inspecting every part of

Page 8

1   that floor prior to mopping it?
2   A. Yes.
3   Q. Okay. Okay. Have you had anything like that
4   happen before where people have fallen in the lobby?
5   A. Not before this incident, no.
6   Q. Okay. Have you had anything like that happen
7   afterwards?
8   A. Someone may have. I vaguely -- I don't know
9   the exact date and time. It's possible.
10  Q. Do you recall that happened, regardless of
11  when it was?
12  A. I don't recall the exact time or date.
13  Q. What I'm asking is, do you recall that there
14  was another incident of somebody falling in the
15  lobby?
16  A. That was -- there -- there may -- I believe
17  there was, yes.
18  Q. But you're not sure?
19  A. Not positive, no.
20  Q. All right.
21  A. I believe there was.
22  Q. Did you see any indication on the floor when
23  you came out that somebody had in fact fallen? Did
24  you see any like sweat marks or blood or anything else
25  on the floor?

Page 9

1   A. No, I didn't.
2   Q. All right. And you didn't see the incident
3   itself?
4   A. No, I did not.
5      MR. LEWIS: I don't have anything else.
6      MR. DUBOIS: Okay. I don't have any
7   questions.
8      MR. LEWIS: Thank you very much, Mr. Thomas.
9      (The deposition concluded
10        at 10:13 a.m.)
11     * * * * * * * * * *
12     FURTHER DEPONENT SAITH NOT
13     * * * * * * * * * *