IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FALICIA RHODES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.:  2:06-CV-554 WKW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY MEMORANDUM
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** Defendant United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files this Reply in Support of Defendant's Motion for Summary Judgment.  Plaintiff, who alleges in her Complaint that she fell on a "freshly-waxed" and "still-wet" floor at Defendant's Lagoon Park Post Office, fails to offer any evidence to support her conclusory assertion that Defendant had recently waxed the floor.  Instead, the undisputed evidence shows that Defendant did not wax the floor on the day Plaintiff fell, and that Defendant had no actual or constructive notice that there was any substance on the floor.  Pursuant to settled principles of law, Plaintiff's speculation that Defendant waxed the floor is insufficient to show that Defendant was negligent, and her claim fails as a matter of law.

**ARGUMENT AND CITATION OF AUTHORITIES**

This Court should grant Defendant's Motion for Summary Judgment because Plaintiff has offered no evidence that Defendant was negligent.  More specifically, Defendant established in its Initial Summary Judgment Memorandum that Plaintiff could not show that Defendant had actual, constructive, or presumed notice of any substance being on the floor at the Lagoon Park Post Office

on the day she fell. (Initial Mem., at 8-10). Under settled principles of law, a plaintiff must establish that a defendant had such prior notice in order to state a negligence claim. See <u>Dunklin v. Winn-Dixie of Montgomery, Inc.</u>, 595 So.2d 463, 464-465 (Ala. 1992); <u>Maddox v. K-Mart Corp.</u>, 565 So.2d 14, 16 (Ala. 1990). <u>See also</u> <u>Cash v. Winn-Dixie Montgomery, Inc.</u>, 418 So.2d 874, 876 (Ala. 1982) (noting that a defendant is not the "absolute insurer" of its customers' safety). In her Response, Plaintiff abandons any attempt to show that Defendant had actual or constructive notice of any substance being on the floor and proceeds solely on a theory that Defendant had presumed notice because it had allegedly recently waxed the floor. (Pl. Resp., at 5). Specifically, Plaintiff asserts, in a conclusory and unsupported manner, that Defendant "had notice of the freshly-waxed, wet floor [that she allegedly slipped on] because the defendant created this hazardous condition." (<u>Id</u>.). As set forth below, Plaintiff's conclusory assertion is not supported by any evidence, and Defendant has offered undisputed evidence that the floor was not waxed on the day Plaintiff fell and that it had no notice of any substance being on the floor. Accordingly, Plaintiff has failed to state a claim for negligence, and this Court should grant Defendant's Motion for Summary Judgment.

As an initial matter, Plaintiff has failed to meet her burden of producing evidence to support her conclusory assertion. When responding to a motion for summary judgment, a plaintiff must go beyond the allegations in her complaint and provide specific evidence to support her claim. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1985); Fed. R. Civ. P. 56(e). <u>See also</u> <u>Evans v. General Motors Corp.</u>, 770 F.2d 984, 986 (11th Cir. 1985) ("This Court has consistently held that conclusory allegations without specific supporting facts have no probative value"). The <u>entirety</u> of Plaintiff's "evidence" to support her conclusory allegation that Defendant created a hazard by

recently waxing the floor is the following exchange from her deposition about a mystery substance she allegedly saw on her shoe and an alleged puddle of water:

> Q. Well, the white stuff on the side of your shoe, you assume that was wax?
> A. I – what – I – Yes, I did. I --
> Q. What made you think that the white stuff on your shoe was wax?
> A. Because the floor had been waxed.
> Q. And what makes you think the floor had been waxed?
> A. Well, the – I don't recall. I don't.
> Q. I'm just trying to understand what...
> A. Yea, I know.
> Q. I mean, you say you stood up, you see I guess a puddle of water and the white substance on the outer sole of your left shoe?
> A. Uh-huh.
> Q. Other than those two things, is there anything else that made you think that there had been wax on the floor?
> A. No.
> Q. Now, you didn't see anyone at the post office putting wax on the floor or waxing the floor at any point in time when you came in, did you?
> A. No.
> Q. Didn't see any buckets, wax bottles laying around, mops, brooms?
> A. No.
> ...
> Q. Do you have any evidence that anyone at the post office knew about any substance being on the floor when you went in?
> A. No.

(Pl. Dep. 44:12-45:23). In short, Plaintiff's deposition testimony clearly illustrates that Plaintiff is merely speculating and guessing that the floor had been waxed by Defendant because she allegedly saw a white substance on one shoe and some water on the floor. (Pl. Dep. 45:2-5). She presents <u>no evidence</u> to support her assertion that Defendant had recently waxed its floor.

Not only does Plaintiff lack evidence that Defendant waxed the floor, but she has <u>no evidence</u> that the white substance she allegedly saw on her shoe was wax as opposed to something spilled on the floor by a customer or something Plaintiff stepped in outside the Post Office. Plaintiff admitted during her deposition that she only saw the mysterious white substance on the outer sole of her left

shoe, and that she did not actually see any of it on the floor of the Post Office.[1] (Pl. Dep. 47:16-21). She further testified that she did not recall when she had last looked at her shoe prior to entering the Post Office. (Pl. Dep. 41:23-42:1). Her entire theory that the substance was wax applied to the floor by Defendant is, therefore, premised on nothing but multiple layers of conjecture and speculation. See Zundel v. Wal-Mart Stores, Inc., 1997 U.S. Dist. LEXIS 12436, at *6-7 (S.D. Ala. Aug. 6, 1997) ("the plaintiff cannot successfully claim that he slipped in floor wax that had been applied by the defendant where there is no evidence that what the plaintiff slipped in was indeed floor wax").

The Alabama Supreme Court and federal courts applying Alabama law have repeatedly rejected similar attempts by plaintiffs to assert negligence claims based on speculation and conjecture. See Riverview Regional Medical Ctr., Inc., v. Williams, 667 So.2d 46, 48 (Ala. 1995); Logan v. Winn-Dixie Atlanta, Inc., 594 So.2d 83, 84-85 (Ala. 1992); Vargo v. Warehouse Groceries Mgmt., Inc., 529 So.2d 986, 987 (Ala. 1988); Zundel, 1997 U.S. Dist. LEXIS 12436, at *5-8. In Logan, 594 So.2d at 83, for example, the plaintiff alleged that she slipped and fell on some wet paint at the defendant's store. She claimed that the defendant had created a dangerous condition by painting lines on the floor and failing to warn her about the wet paint. See id. at 84. She based this assertion solely on some paint that she saw on her shoe after she fell. See id. She testified that the paint had not been on her shoe before she went to the store. See id. She did not, however, offer any evidence that the defendant had recently painted the floor. See id. Furthermore, the defendant offered evidence that it had not painted the floor on the day of the fall. See id. at 85. The Alabama

---

[1] Notably, Plaintiff mis-states the record in her Response when she suggests that the white substance was "all over her shoes." (Pl. Resp., at 5-6). Instead, Plaintiff admitted at her deposition that the substance was only on the outer, left side of her left shoe. (Pl. Dep. 41:1-42:3).

Supreme Court, noting that "speculation, conjecture, or guess" were insufficient to warrant submission of a negligence case to a jury, held that the plaintiff had failed to show the defendant had painted the ramp, and affirmed the entry of summary judgment for the defendant. See id. at 84-85.

Similarly, in Riverview Regional Medical Center, 667 So.2d at 48, the Alabama Supreme Court also rejected a plaintiff's attempt to base his negligence case on speculation. The plaintiff was a patient in the defendant's hospital, and he left his room for a walk. See id. When he returned, he slipped and fell in the bathroom. See id. 48. After his fall, he testified that he noticed that the bathroom floor looked wet and "glistened," and that his pants were wet. See id. He subsequently claimed that the bathroom floor "must have been mopped" by the defendant while he was absent from the room, and that the defendant was negligent for not warning him about the wet floor. See id. at 48. The defendant's custodian testified that the floor had not been mopped. See id. at 47. The Alabama Supreme Court held that the plaintiff had offered no evidence that the defendant had mopped the floor, and that he had failed to meet his burden of showing that the defendant had actual or constructive notice of any dangerous substance. See id. at 48. The court, noting that speculation and conjecture were insufficient to show negligence, directed judgment for the defendant. See id.

Finally, in Zundel, 1997 U.S. Dist. LEXIS 12436, at *5-8, a federal district court applying Alabama law held that a plaintiff could not rely on speculation to create a jury issue. In that case, the plaintiff slipped on a brownish substance on the floor while shopping at a store, and he sued the store for negligence. See id. The plaintiff alleged that the substance was wax placed there by the defendant but offered no evidence about how the substance got on the floor, what the substance actually was, or how long the substance had been on the floor. See id. at *2-4. The plaintiff also offered no evidence regarding the nature of the defendant's floor-care products nor how recently the

defendant had used any such products in the area where he slipped. See id. The district court concluded that "the plaintiff's theory that he fell in wax left over from the defendant's floor care process is just that, a theory. It is well established that speculation, without any supporting evidence, is insufficient to raise a material question of fact and defeat summary judgment." See id. at *8.

Like the unsuccessful plaintiffs in Logan, Review Regional Medical Center, and Zundel, Plaintiff has nothing but "speculation, conjecture, or guess" to support her theory that she fell on a substance placed on the floor of the Post Office by Defendant.[2] See Riverview Regional Medical Ctr., Inc., 667 So.2d at 48; Logan, 594 So.2d at 83-85; Zundel, 1997 U.S. Dist. LEXIS 12436, at *5-8. There is simply no evidence that there was wax on the floor of the Post Office, much less evidence that Defendant placed wax, water, or anything else on the floor on the day Plaintiff fell.

In fact, not only has Plaintiff not met her burden of offering any evidence that the Lagoon Park Post Office floor had been freshly waxed by Defendant, but Defendant has affirmatively offered undisputed evidence that it had not waxed the floor on the day Plaintiff fell down. Thomas, the custodian responsible for maintaining the floor at Lagoon Park, testified that he did not wax the floor

---

[2] Notably, the "presumed notice" case relied upon by Plaintiff in her Response is easily distinguishable from the case at bar. (Pl. Resp., at 5). In Dunklin, 595 So.2d at 467, the plaintiff slipped on a puddle of water at a supermarket and alleged that defendant had presumed notice because it created a hazardous condition. She offered evidence that shortly before she fell, a supermarket employee was setting out vegetables with water on them in the area where she fell and that the supermarket regularly washed vegetables with water in that same area. See id. at 467. In the present case, there is no similar evidence regarding Defendant's employees using wax or any other substance anywhere in the Post Office on the day that Plaintiff fell, much less in the same general area. See, e.g., Zundel, 1997 U.S. Dist. LEXIS 12436, at *5-8 (distinguishing Dunklin from case where plaintiff had nothing but speculation that substance on floor was wax applied by defendant).

y

on that day.[3] (Thomas Dec. ¶¶ 4-5; Worrell Dec. ¶ 2, Ex. A). Furthermore, Defendant has offered undisputed evidence that the wax used at the Post Office has a clear finish, leaves no puddles of water or white powdery residue, and exudes a strong chemical smell while wet. (Thomas Dec. ¶¶ 3-4). In contrast, Plaintiff claims that she saw an odorless, white, powdery substance on one of her shoes and a puddle of clear, odorless water on the floor. (Pl. Dep. 40:17-25, 41:1-19, 43:12-16, 44:7-8, 91:22-25). Plaintiff's description of what she allegedly saw on her shoe and on the floor of the Post Office is thus not even close to being consistent with the look and smell of the wax applied by the Post Office. See, e.g., Zundel, 1997 U.S. Dist. LEXIS 12436, at *8 ("Nor does the plaintiff even allege, much less demonstrate by competent evidence, that the floor care products used by the defendant are [consistent with the substance he allegedly saw on the floor]").

In sum, a plaintiff seeking to show that a property owner was negligent must first show that the defendant had actual, constructive, or presumed notice of an offending substance that allegedly caused the plaintiff to fall. See Riverview Regional Medical Ctr., Inc., 667 So.2d at 48; Maddox, 565 So.2d at 16. Plaintiff bases her case entirely on a theory that Defendant had presumed notice of a dangerous condition on the floor because it had allegedly recently waxed the floor. (Pl. Resp.,

---

[3]Plaintiff appears to take issue with Thomas's declaration by referring to Thomas's offhand comment at the start of his deposition that he "vaguely remembered" the "incident" at issue in this lawsuit. (Pl. Resp., at 6, n. 6). Plaintiff conveniently fails to mention that Thomas, after making this comment, proceeded to answer questions posed by Plaintiff's counsel about the incident, thus indicating that he did in fact recall details about it. (Thomas Dep., at 6:5-9:4). The declaration simply answers a number of questions that Plaintiff's counsel failed to ask at the deposition. Thomas, for example, was never asked whether he had waxed the floor on Friday, January 27, 2006; whether he had performed any maintenance on the floor that day; or what the weather was like that day. He was never asked when he generally waxed the floor, or the color, consistency, or smell of the wax. He was never asked whether there were any statements that might refresh his memory. In short, Plaintiff, who did not ask these relevant questions at the deposition, has no basis to challenge Thomas's uncontested testimony in his declaration on these matters.

at 5). Plaintiff, however, offers <u>no evidence</u> that there was wax on the floor or that Defendant had recently applied wax to the floor. Indeed, the nature of the substance that Plaintiff allegedly saw on her shoe and where it came from remain a mystery to this day.[4] Moreover, the evidence is undisputed that Defendant had no notice of there being any substance on the floor at the Post Office prior to Plaintiff's fall. Indeed, more than 197 customers walked through the Post Office lobby prior to Plaintiff's fall, and not a single one of them reported falling down or seeing anything on the floor. (Worrell Dec. ¶ 3). Since Plaintiff cannot show that Defendant had actual, constructive, or presumed notice of any dangerous condition prior to her fall and Defendant is not the absolute insurer of its customer's safety, she cannot show that Defendant was negligent. See <u>Riverview Regional Medical Ctr.</u>, 667 So.2d at 48; <u>Logan</u>, 594 So.2d at 85; <u>Zundel</u>, 1997 U.S. Dist. LEXIS 12436, at *8. See also <u>Cash</u>, 418 So.2d at 876 ("Actual or constructive notice of the presence of the offending substance must be proven [in a negligence case] before the proprietor can be held responsible for the injury").

## **CONCLUSION**

For the foregoing reasons, as well as those in Defendant's Initial Memorandum, this Court should grant Defendant Summary Judgment and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted this 20th day of June, 2007.

---

[4] Plaintiff never took any pictures of the alleged substance and claims she took her shoe to a "shoe shop" to be cleaned about a week after her fall. (Pl. Dep. 42:4-12).

Respectfully submitted this the 20th day of June, 2007.

        LEURA G. CANARY
        United States Attorney

By:    s/James J. DuBois
      JAMES J. DUBOIS
      Assistant United States Attorney
      Georgia Bar No. 231445
      United States Attorney's Office
      Post Office Box 197
      Montgomery, AL 36101-0197
      Telephone: (334) 223-7280
      Facsimile: (334) 223-7418
      E-mail: james.dubois2@usdoj.gov

**Of Counsel:**

Conny Davinroy Beatty
United States Postal Service
Law Department, St. Louis Office
PO Box 66640
St. Louis, Missouri 63166-6640
Tel: 314-872-5172
Fax: 314-872-5192

## CERTIFICATE OF SERVICE

     I hereby certify that on June 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Plaintiff's counsel, Jay Lewis, Esquire and Carol Gerard, Esquire.

        s/James J. DuBois
        Assistant United States Attorney