IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FALICIA RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:06-cv-554-WKW |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the defendant's Motion for Summary Judgment (Doc. #10). For the reasons set forth below, the Motion for Summary Judgment is due to be GRANTED.

**I. FACTS AND PROCEDURAL HISTORY**

This case arises out of a slip-and-fall at a United States Post Office and is brought under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80. Plaintiff Falicia Rhodes ("Rhodes") was injured while at the Lagoon Park post office in Montgomery, Alabama on Friday, January 27, 2006, at approximately 2:45 p.m.. Rhodes had a post office box at Lagoon Park and checked her mail there every day. The plaintiff alleges that while checking her mail at the post office she slipped on a slick spot on the floor. She claims the government was negligent because it had recently waxed the floor and failed to warn her that the floor was slick.

Viewing the evidence in favor of the non-movant, Rhodes entered the post office through the lobby and walked toward her post office box. As she walked through the lobby, Rhodes saw no buckets, wax, or signs indicating that the floor was recently waxed. Approximately thirty seconds

after entering the post office, Rhodes fell to the floor. (Rhodes Dep. 37:17-20.) Rhodes alleges she slipped on a slick spot on the floor.

After falling, Rhodes was on the floor for approximately five minutes. Another customer helped Rhodes to her feet. When Rhodes stood, she noticed a white, odorless powder residue on the outside of her left shoe. Rhodes does not recall if the powder was on her shoes before she fell. She also saw a puddle of water on the floor and observed that the floor appeared to have been recently waxed. (*Id.* at 40:12-25.)

The customer who had helped Rhodes alerted a postal clerk that Rhodes had fallen. Sherry Worrell ("Worrell"), the Customer Service Manager, came out to check on Rhodes. Rhodes showed Worrell where she had fallen. Rhodes and Worrell then each slid a foot over the floor where Rhodes had slipped. Rhodes asked Worrell "did she see what I saw?" According to Rhodes, Worrell replied "yes." (*Id.* at 48:14-19.) However, Worrell testified that she found no wet spots on the floor. (Worrell Dep. 7:9-11.) As a precaution, Worrell called Robert Thomas, a custodian, to inspect the floor. He did not find a wet spot or a patch of wax. (Thomas Dep. 6:23-25.) At Worrell's request Thomas placed a sign on the floor indicating that it was wet, and he also mopped the floor. (Thomas Decl. ¶ 5.)

Worrell also asked Thomas if he had waxed the floor that day. Thomas had not. Thomas had dry mopped the floor earlier that morning, between 7:00 a.m. and 8:00 a.m. Thomas waxes the post office floor two to three times a month on Saturday mornings because the counter is closed and there are fewer customers in the post office. After he waxes the floor, Thomas uses a blow-dry machine for ten to fifteen minutes to dry the floor and places warning signs to alert customers that the floor is wet. He has always used the same type of wax product on the floor; it has a heavy chemical smell

and is slightly thicker than water. He does not mix the wax with water, and the wax does not leave a powder residue. (*Id.* at ¶¶ 3-4.)

After her fall, Rhodes was able to leave the post office unassisted. Later that afternoon, Rhodes called Worrell because she was experiencing hip and back pain. Rhodes then went to the emergency room. At the hospital she had x-rays taken, which revealed she had not broken any bones. She later saw a doctor who prescribed pain medicine and physical therapy. Rhodes claims that because of the fall she still experiences headaches and neck pain and can no longer wear high heels.

On April 3, 2006, Rhodes filed an administrative tort claim action seeking $25,000.00 in damages. After her administrative claim was denied, Rhodes filed this action under the Federal Tort Claims Act seeking $50,000.00.[1] She alleges that the defendant was negligent in causing her slip-and-fall.

## II. JURISDICTION AND VENUE

The court exercises jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1346 (United States as defendant). The parties do not contest personal jurisdiction or venue, and the court finds allegations sufficient to support both.

---

[1] Rhodes is limited to seeking the amount in her administrative claim.

Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b).

### III.  STANDARD OF REVIEW

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[T]he court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). The movant can meet this burden by presenting evidence showing there is no genuine issue of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex Corp.*, 477 U.S. at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A genuine factual dispute exists if the "jury could return a verdict for the non-moving party." *Damon v. Fleming Supermarkets of Fla., Inc.,* 196 F.3d 1354,

1358 (11th Cir. 1999) (citation omitted). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## IV. DISCUSSION

Rhodes brings this action alleging the government was negligent because it waxed the floors in the post office but failed to warn that the floor was waxed. The government argues that summary judgment is appropriate because Rhodes cannot show that it breached its duty of care.

A storekeeper owes a business invitee a duty to keep its premises in a reasonably safe condition by exercising ordinary and reasonable care. *Riverview Reg'l Med. Ctr, Inc. v. Williams*, 667 So. 2d 46, 48 (Ala. 1995). Here, the government concedes that Rhodes was an invitee and that it owed her a duty of reasonable care. (Def. Mem. Summ. J. 7.) Thus, at issue is whether the government breached the duty of care it owed to Rhodes.

In slip-and-fall cases involving business invitees, plaintiffs have two theories upon which they may proceed to show a defendant breached its duty. Under the first theory, a storekeeper may be liable if "the plaintiff slips and falls and alleges that the business negligently failed to clean up a substance on the floor." *Nelson v. Delchamps, Inc.*, 699 So. 2d 1259, 1261 (Ala. Civ. App. 1997). The plaintiff must prove the defendant had actual or constructive notice that there was a foreign substance on the floor. *Id.* (citation omitted). Under the second theory, a storekeeper may be liable if "the business negligently created on the premises a hazardous condition that proximately caused injury to the plaintiff." *Nelson*, 699 So. 2d at 1261. With this latter theory, because the defendant

created the condition, the court presumes the defendant had notice. *Id.* (citation omitted). In this case Rhodes has not established a prima facie case showing there was actual or constructive notice of the slick spot or that the defendant created the hazardous condition.

### A.    *Actual or Constructive Notice*

A defendant is negligent if the defendant knew there was a substance on the floor and failed to clean it up. The plaintiff must show the defendant had actual or constructive notice that the substance was on the floor. There are three ways the plaintiff can show notice: "(1) that the substance slipped upon had been on the floor a sufficient length of time to impute constructive notice . . . ;or (2) that [the business] had actual notice that the substance was on the floor; or (3) that [the business] was delinquent in not discovering and removing the substance." *Dunklin v. Winn-Dixie of Montgomery, Inc.*, 595 So. 2d 463, 464 (Ala. 1992) (quoting *Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990). The notice requirement ensures the storekeeper is not an "insurer of the customer's safety and is liable for injury only if he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition." *Id.* at 463 (quoting *Maddox*, 565 So. 2d at 16).

To show the defendant had actual or constructive notice, the plaintiff must present evidence about the source of the substance that caused the slip and fall and not rely on "speculation, conjecture or guess." *Riverview*, 667 So. 2d at 48. In *Riverview*, the plaintiff slipped on the bathroom floor of his hospital room. After he fell, his pajama pants were wet and the floor was damp. He argued the hospital was negligent because it failed to warn him the floor was slick. He claimed the hospital had actual notice of the condition because the employee who mopped the floor knew of its condition. However, the plaintiff did not show that a hospital employee had recently mopped his floor. Because

"the doctrine of res ipsa loquitur is not applicable to slip and fall cases," the plaintiff had to present evidence the hospital had either actual or constructive notice. *Id.* The plaintiff had not established notice because he had not shown a hospital employee had mopped the floor and that the water he slipped on came from the mopping. *Id.*; *see also Logan v. Winn-Dixie Atlanta, Inc.*, 594 So. 2d 83, 85 (Ala. 1992) (finding store did not have actual notice of spilled wet paint where customer failed to present evidence that the ramp had been painted recently to substantiate her claim).

Rhodes has not shown that the defendant had actual or constructive knowledge of the condition of the floor. While Rhodes speculates the post office had actual knowledge that the floors were slippery because a postal employee waxed the floors earlier that day, she has not established the floor was waxed. She does not know when the floor was waxed and saw no signs warning that the floor had been recently waxed. Indeed, she has not proven the post office uses a wax that creates a white residue. The government has presented evidence that the wax it uses leaves behind no residue. To support her claim, Rhodes relies on her personal belief that the floor was waxed. Because res ipsa loquitur does not apply, Rhodes must prove the defendant had waxed the floor and caused her injury. Rhodes, like the plaintiff in *Riverview,* has not offered sufficient evidence to show that the defendant caused her injury. *See Riverview*, 667 So. 2d at 448. Rhodes has not shown the post office had actual notice that the floors were waxed.

B.     *Creation of a Hazardous Condition*

A defendant storekeeper is negligent if he creates the hazardous condition that causes a business invitee's injury. *Nelson*, 699 So. 2d at 1261. While the plaintiff does not need to show the defendant had actual notice of the dangerous condition, the plaintiff must prove the defendant or its employees took affirmative steps to create the condition. *Id.*; *see also Dunklin*, 595 So. 2d at 465.

In *Dunklin*, the plaintiff was shopping at the defendant's grocery store. She saw a clerk handling vegetables with water on them in the produce section. A few minutes later, she fell on a wet spot in the produce section. The produce section regularly contained recently washed vegetables and the grocery store had a policy for employees to check the produce section every twenty minutes. The court found the plaintiff established the defendant had created the hazardous condition. *Dunlkin*, 595 So. 2d at 465; *see also Rutledge v. Wings of Tuscaloosa, Inc.*, 848 So. 2d 1005, 1008 (Ala. Civ. App. 2002) (finding restaurant created a hazardous condition when it failed to follow its own policy to keep the kitchen floor covered with mats).

    Here, Rhodes has not shown that the defendant affirmatively created the hazardous condition. Rhodes speculates that "[s]ince no one other than the custodian or post office employee would wax the floors" the post office must have waxed the floor. (Pl's Resp. To Def.'s Mot. for Summ. J. 5.) Rhodes has offered no evidence to substantiate her conjectures that the floor was waxed and that the white powder on her shoes came from the defendant's wax. Unlike the plaintiff in *Dunklin*, Rhodes is unable to demonstrate how post office employees created the condition that caused her to fall. *See Dunklin*, 595 So. 2d at 465. Rhodes has not established that wax was used in the post office that day and has not shown the post office created the dangerous condition.

    Rhodes has failed to show the defendant breached its standard of care. She has not offered evidence that the defendant had actual or constructive notice of a foreign substance on the floor nor has she demonstrated that the defendant created the hazardous condition. As a result, Rhodes has failed to state a prima facie case of negligence. Accordingly, the defendant's motion for summary judgment is due to be granted.

## V.  CONCLUSION

Accordingly, it is ORDERED that the Defendant's Motion for Summary Judgment (Doc. # 10) is GRANTED, and all claims are DISMISSED with prejudice.

An appropriate judgment will be entered.

DONE this 13th day of September, 2007.

                                          /s/  W. Keith Watkins
                                      UNITED STATES DISTRICT JUDGE